USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___05-20-2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSHUA MARISCAL, *individually and on*       :
*behalf of similarly situated individuals*,     :
                                                 :
                              Plaintiff,         :
                                                 :       **SETTLEMENT APPROVAL**
              -v-                                :              **ORDER**
                                                 :          21-CV-10844 (JLC)
                                                 :
TGS HOLDINGS LLC, *et al.*,                      :
                                                 :
                              Defendants.        :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction

under 28 U.S.C. § 636(c) (Dkt. No. 22), and they have submitted a joint motion for

settlement approval (Dkt. No. 19) and a fully executed settlement agreement (Dkt.

No. 19-1) ("Settlement Agreement") for my approval under *Cheeks v. Freeport*

*Pancake House*, 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong

presumption in favor of finding a settlement fair" in cases like this one brought

under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position

as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65*

*St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6,

2015) (citation omitted).

Having carefully reviewed the joint motion as well as the proposed settlement

agreement, the Court finds that all of the terms of the proposed settlement

(including the allocation of attorney's fees as one-third of the settlement amount)

appear to be fair and reasonable under the totality of the circumstances (and in

light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]  The Court's approval of the Settlement Agreement is based on the scope of the release, which appears to be limited to the claims filed in the Complaint.  To that end, Paragraph 1(a) of the settlement agreement identifies the release as "regarding any and all claims alleged in the Complaint, including the payment of wages during or after employment or any claims MARISCAL failed to raise as a result of his employment by DEFENDANTS."  The Court does not consider anything beyond the claims alleged in the Complaint as having been released as the scope of such a release would be too broad to secure court approval.  *See, e.g., Rivera v. Relay Delivery, Inc.*, No. 17-CV-5012 (JLC), 2018 WL 1989618, at \*1 (S.D.N.Y. Apr. 26, 2018) ("Judicial distaste for overbroad releases has been especially pronounced where 'the releases were not mutual and protected only the defendants.'") (quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP,* 2016 WL 922223, at \*2 (S.D.N.Y. Feb. 3, 2016)).[2]

Accordingly, the proposed settlement is hereby approved.

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel.  Nor should approval of the settlement agreement be deemed an approval of the tax allocations to which the parties have agreed in Paragraph 2(a) of the Settlement Agreement.

[2] In Paragraph 1(b) of the Settlement Agreement, plaintiff releases defendants of any claims that were "raised in this Action or which MARISCAL failed to raise against Releasees as of the date of execution of this Release."  That latter clause is ambiguous as it seems to suggest that plaintiff is releasing defendants of claims beyond those asserted in the Complaint. However, Paragraph 8 of the Settlement Agreement states explicitly that Plaintiff "is enter[ing] into this release intending to waive, settle and release all wage and hours claims he might have against releasees." (emphasis added).  This provision makes clear the limited scope of the release.

The Clerk is respectfully directed to close Docket No. 19 and mark it as "granted," and to close this case.

**SO ORDERED.**

Dated: May 20, 2022
          New York, New York

_____
JAMES L. COTT
United States Magistrate Judge